Case 3:19-cr-01849-WQH   Document 44   Filed 01/23/25   PageID.124   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| United States of America<br>v.<br>DANIEL HECTOR MACKINNON<br><br>Date of Original Judgment: 11/08/2019<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>)<br>) Case No: 19cr1849-WQH<br>) USM No: _____<br>)<br>)<br>) _____<br>)    *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant was sentenced to 84 months in the custody of the Bureau of Prisons for malicious damage to building by means of fire in violation of 18 U.S.C. § 844(i). Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, known as the "zero-point offender" provision. (ECF No. 43.) However, Defendant does not qualify for a reduction under § 4C1.1(a)(3) because Defendant admitted in his plea agreement and the Court found at sentencing that Defendant used violence and credible threats of violence in connection with the offense. (See ECF No. 20 at 2-3; see also ECF No. 24 at 3-4.) Specifically, Defendant admitted in his plea agreement that he knowingly and intentionally drove a vehicle into a commercial building and used an accelerant to cause an explosion with the intent to damage or destroy the building. (ECF No. 20 at 2-3.) Defendant also admitted in a sentencing agreement that, on the same night, he set fire to a private residence with the intent to damage or destroy the dwelling, which at the time was occupied by two adults and three children, all of whom were sleeping. (ECF No. 27 at 2.) Even if the zero-point offender provision applied, the Court would continue to find that a custodial sentence of 84 months would be appropriate. Although Defendant had no prior criminal history, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct under 18 U.S.C. § 3553(a) continues to support the sentence imposed. The 84-month custodial sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553. The Motion for Reduction in Sentence is denied. (ECF No. 38.)

Except as otherwise provided, all provisions of the judgment dated 11/08/2019 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 1/23/25

*Judge's signature* (William Q. Hayes)

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*